COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-264-CV

 

 

IN THE INTEREST OF J.H.
AND B.H., CHILDREN                                       

 

 

                                              ------------

 

           FROM
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
is attempting to appeal from an AAmended
Final Order Confirming Support Arrearage and Modifying Support Obligation
(UIFSA)@ signed
by the associate judge of the 97th District Court.  But this is not a final, appealable
order.  An associate judge may render
only certain enumerated types of final orders: 
(1) written orders agreed to in form and substance by all
parties, (2) default orders, (3) orders in cases Ain which
a party files an unrevoked waiver made in accordance with Rule 119, Texas Rules
of Civil Procedure, that waives notice to the party of the final hearing or
waives the party=s appearance at the final
hearing,@ and (4)
final orders that include a waiver of the right of appeal pursuant to section
201.015(g) of the family code.  Tex. Fam.
Code Ann. '  201.007(a)(14) (A), (B),
(D), (16) (Vernon 2008), ' 201.015(g) (Vernon Supp.
2009); Tex. R. Civ. P. 119; see In re Lausch, 177 S.W.3d 144, 151 (Tex.
App.CHouston
[1st  Dist.] 2005, orig.
proceeding).  The order in this case does
not fall within any of the enumerated orders that an associate judge may
render.  To be appealable, all other
orders must be adopted by the presiding judge of the trial court.  See Tex. Fam. Code Ann. ' 201.016(b)
(Vernon 2008); In re M.K.R., 216 S.W.3d 58, 64 (Tex. App.CFort
Worth 2007, no pet.); Robles v. Robles, 965 S.W.2d 605, 609 n.4 (Tex.
App.CHouston
[1st Dist.] 1998, pet. denied).  Thus,
because this order has not yet been adopted by the presiding judge, it is not
final or appealable under the family code. 
In addition, it is not an appealable interlocutory order under the civil
practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a) (Vernon 2008).  Thus, we
dismiss the appeal for want of jurisdiction. 
See Tex. R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

 

PANEL:  LIVINGSTON, DAUPHINOT,
and GARDNER, JJ.

 

DELIVERED:  November 12, 2009











[1]See Tex. R. App. P. 47.4.